### JOHN BENSON v. THE STATE.

#### No. 7291.   Decided Jan. 31, 1923.

#### Rehearing Denied June 6, 1923.

**1.—Manufacturing Intoxicating Liquor—Practice on Appeal—Companion Case.**

Where the questions of law raised in the instant case are the same as
those presented and decided adversely to defendant in a companion case they
need not be again considered; and where the evidence is sufficient to sustain
the conviction of unlawfully manufacturing intoxicating liquor, there is
no reversible error.

**2.—Same—Requested Charges—Rehearing.**

Where, upon trial of unlawfully manufacturing intoxicating liquor,
the court's charge applying the law to the facts was substantially that con-
tained in the requested charges, there was no error in refusing the latter,
and the judgment below must be affirmed.

Appeal from the District Court of Collingsworth.   Tried below
before the Honorable J. A. Nabers.

Appeal from a conviction of unlawfully manufacturing intoxi-
cating liquor; penalty, one year imprisonment in the penitentiary.

Opinion states the case.

*Templeton & Templeton,* for appellant.—Upon question of cir-
cumstantial evidence, Johnson v. State, 36 Tex. Crim. Rep., 394;
Brooks v. State, 56 id., 513; Johnson v. State, 52 id., 510.   On
question of refusal of requested charges, Ellis v. State, 59 Tex. Crim.
Rep., 626; Freeman v. State, 52 id., 500.

*R. G. Storey,* Assistant Attorney General, for the State.  Upon question of sufficiency of the indictment, Crowly v. State, 242 S. W. Rep., 472.

LATTIMORE, Judge.—Appellant was convicted in the District Court of Collingsworth County of unlawfully manufacturing intoxicating liquor, and his punishment fixed at one year in the penitentiary.

This is a companion case to No. 7282, Elbert Eads v. State, opinion this day handed down.  The questions of law raised in this case and by motion to quash are the same as those presented and discussed and decided adversely to appellant in the case referred to.  The testimony in the two cases was substantially the same, except as herein further discussed.  The State witnesses who approached the premises occupied by Elbert Eads and John Benson, were watching for the appearance of persons around the premises, and all testify that as they approached the house they saw no one.  When they had gotten out of the car and gone around the building they saw appellant coming from the direction of the dugout in which they presently found whisky in process of manufacture.  One of said witnesses states that appellant was coming from the dugout.  Appellant was a married man and lived in the house belonging to Elbert Eads, who was single and who lived with appellant.  The only defense offered was a denial of participation in the manufacture of the liquor that was being then and there made, and a denial of knowledge of the existence of the still or the manufacture of any liquor on the premises.  There seems no question but that Elbert Eads was in the dugout where the liquor was being manufactured, at the time the officers got out of their car and went around the residence.  There seems little doubt of the proposition that appellant was also in said dugout as the officers approached the premises.  He claimed to have been at the windmill engaged in laying some planks over a muddy approach to the well, but the testimony of the officers as to the proximity of the wind mill to the lot and their scrutiny of the premises as they approached sufficiently negatived the truth of his statement.  Appellant further testified that he had been living in the house with Eads for about ten days, and that if there was any still on the premises or any whisky being manufactured in the dugout, he knew nothing of it.  That the jury were justified in concluding this statement false, is apparent. a two room house on a prairie with nothing near in the way of improvements save a windmill, a lot enclosed by a barbed wire fence and planks, in which lot were located a small slat crib and the dugout in question, would all present a situation making it so manifestly impossible for a man in possession of his ordinary senses to be in and around said house for ten days or a week, or even one day, when a still was bubbling and boiling and mash fermenting in said dugout,

and truthfully say that he knew nothing of its presence, would tax the credulity of the most confiding. The court submitted the law of principals, and upon request also the law of circumstantial evidence, and with the facts before them the jury has decided that appellant was guilty. We are not. led to believe them influenced by prejudice or passion, or that their verdict finds no support in a fair inference and deduction from the testimony before them.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

### ON REHEARING.

### June 6, 1923.

LATTIMORE, JUDGE.—In his motion for rehearing appellant insists that the failure of the trial court to give his special charge No. 2 was such error as should call for a reversal. Said requested charge is as follows:

"You are further instructed that should you find and believe from the evidence that there was a still found at the place where defendant was then living and that said still was in operation at the time same was found by the officers, still you would not be. authorized to return a verdict of guilty against the defendant unless you further find and believe from the evidence beyond a reasonable doubt that defendant was then engaged in the operation of said still and that said still at the time was manufacturing spirituous, vinous and malt liquor as charged in the indictment, and should you have a reasonable doubt of defendant's participating in the operation of said still, you will give him the benefit of said doubt and acquit him."

We find in the charge of the court as given the following:

"Should you find, or have a reasonable doubt thereof, that although some one committed the offense charged against defendant at the dugout testified about and at or about the 15th day of March, 1922, yet should you further find that at the time such offense was committed, if you find it was committed, said defendant was at another and different place, you will find defendant 'not guilty.' "

Should you find, or have a reasonable doubt thereof, that at the time the liquor testified about was made, if you find it was made, that said defendant did not make it, nor assist anyone in making it, you will find him 'not guilty.' "

The court gave a special charge on circumstantial evidence requested by the appellant which in words told the jury that they must believe that the testimony excluded every other reasonable hypothesis or conclusion than that of the defendant's guilt and must produce in their minds a reasonable and moral certainty that he committed the offense charged in the indictment. We find ourselves unable to believe that the giving of said special charge would have caused the jury to arrive at a different conclusion from that reached by them herein.

We have considered the matters raised by appellant in this motion but are constrained to believe the case correctly decided on original presentation, and the motion for rehearing will be overruled.

Overruled.